### DIBBLE v. STATE.

(Supreme Court, Appellate Division, Third Department. December 3, 1902.)

1. DAMAGES—AMOUNT—EVIDENCE.

Where the court of claims found that claimant's crop was destroyed by the negligence of servants of the state, but the damages awarded were lower than the lowest estimate shown by the evidence, and the court did not view the premises, the judgment was erroneous because without foundation in the evidence.

Appeal from court of claims.

Action by Horace D. Dibble against the state of New York. From a judgment for claimant for a part of his demand, he appeals. Reversed.

The claimant is the owner of a piece of land near the Champlain Canal. The state of New York maintains a spillway or wasteweir by and through which the surplus water in said canal is drawn and discharged into Bond creek, running through said lands of claimant. The court of claims found that "the officers, agents, and servants of the state of New York in charge of said canal, spillway, and wasteweir negligently and carelessly drew water in large quantities and of great volume from said Champlain Canal through said spillway or wasteweir, and discharged the same into Bond creek, and so negligently kept said wickets, gates, or wasteweir open until the channel of Bond creek was filled, and did thereby cause the water to overflow the banks of said creek, and to overflow to some extent the lands of said claimant, and thereby injured and destroyed a crop of potatoes growing thereon." The court found the damage amounted to $95.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

J. M. Whitman, for appellant.

John C. Davies, Atty. Gen., and George S. Stevens, Dep. Atty. Gen., for the State.

CHASE, J. The only question for our consideration is the amount of the damages. The court having found that the potatoes were injured and destroyed by the negligence of the defendant, the measure of damages is the value of the crop. The lowest estimate of said value as shown by the evidence is much more than the amount of the judgment. The court did not view the premises, and consequently all the evidence before the lower court is now before this court. The court of claims, like other courts, must render judgment on the evidence presented to it. A judgment of a court not based on the evidence is arbitrary and unauthorized, and requires a reversal by the appellate court. We do not modify the judgment, as we are of the opinion that a new trial may show with greater certainty the facts relating to the claim and the extent of the claimant's alleged injury.

Judgment reversed, with costs to the claimant, and a new trial granted in the court of claims. All concur.